IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-50-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVON DONNELL REID | ) | |

This cause comes before the Court on defendant's motion asking that his federal sentence run concurrent with his state sentence. The government has responded, and the motion is ripe for ruling. For the reasons that follow, defendant's motion is denied without prejudice.

## BACKGROUND

On November 28, 2018, defendant pleaded guilty, pursuant to a plea agreement, to possession of firearms by a felon in violation of 18 U.S.C. § 922(g) and 924. On February 11, 2020, this Court sentenced defendant to a total term of 96 months of imprisonment, three years of supervised release, and a $100 special assessment. Defendant is currently housed at Federal Correctional Institution Allenwood Low in Pennsylvania and his projected release date is in October 2024. *See* https://www.bop.gov/inmateloc/ (last visited Sept. 8, 2023).

## DISCUSSION

Defendant asks that his federal sentence be calculated to run concurrent with his state sentence or that he be transferred to North Carolina State custody as he has earned enough FSA earned time credits to qualify for release to a residential re-entry center. The Court agrees with the government that, at bottom, the relief which defendant seeks is available only through a petition pursuant to 28 U.S.C. § 2241. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989);

*United States v. Miller*, 49 F. Supp. 2d 489, 492 (E.D. Va. 1999); *see also Johnson v. Deboo*, No. CIV.A. 5:08CV184, 2009 WL 3583695, at *2 (N.D.W. Va. Oct. 26, 2009).

Proper venue for filing a petition under 28 U.S.C. § 2241 is the district where the petitioner is confined. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). The instant motion was filed while defendant was incarcerated at FCI Allenwood, and thus this Court lacks jurisdiction to consider his § 2241 petition were the Court to construe the instant motion as a petition pursuant to § 2241. The Court therefore denies defendant's motion without prejudice to refiling his claim pursuant to 28 U.S.C. § 2241 in the proper venue.

## CONCLUSION

Accordingly, defendant's motion [DE 91] is DENIED WITHOUT PREJUDICE. The clerk may terminate as pending the unsigned motion at [DE 89].

SO ORDERED, this 13 day of September 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE